# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| **STATE OF MAINE, et al.,** )<br>)<br>  **Plaintiffs,** )<br>)<br>  v. )<br>)<br>**GINA MCCARTHY,** in her capacity )<br>as Administrator, United States )<br>Environmental Protection Agency, )<br>et al., )<br>)<br>  **Defendants.** ) | 1:14-cv-00264-JDL |

### ORDER ON THE ENVIRONMENTAL PROTECTION AGENCY'S MOTION TO DISMISS COUNT III OF THE SECOND AMENDED COMPLAINT

The Clean Water Act requires states to establish water quality standards for every body of water within a state. *See* 33 U.S.C.A. § 1313 (2016). These standards include three components: (1) designated uses for each body of water, such as recreational, agricultural, or industrial uses; (2) specific limits on the levels of pollutants necessary to protect those designated uses; and (3) an antidegradation policy designed to protect existing uses and preserve the present condition of the waters. *Nat'l Wildlife Fed'n v. Browner,* 127 F.3d 1126, 1127 (D.C. Cir. 1997); *see also* 40 C.F.R. §§ 131.10–.12 (2015).

The Clean Water Act also requires states to review their water quality standards at least once every three years and to submit the results of the review to the U.S. Environmental Protection Agency ("EPA"). *See* 33 U.S.C. § 1313(c)(1). The EPA is then responsible for reviewing any new or revised standards adopted by the

states to determine if the standards are consistent with the Clean Water Act and EPA regulations promulgated under it.  *See id.* at § 1313(c)(2)(A), (c)(3).

In July 2014, the plaintiffs State of Maine and the Maine Department of Environmental Protection (collectively, "Maine") sued the EPA, claiming that it had failed to timely approve or disapprove Maine's revised surface water quality standards.  ECF No. 1; ECF No. 7.  In February 2015, the EPA issued a formal decision in which it approved some of Maine's water quality standards and disapproved others.[1]  ECF No. 30-1 at 4; *see also* ECF No. 26 at 1-2.  Maine subsequently filed a Second Amended Complaint in which it seeks judicial review under the Administrative Procedure Act, 5 U.S.C.A. §§ 701-706 (2016) (Count One), ECF No. 30 at 48-50, and a declaratory judgment under the Declaratory Judgments Act, 28 U.S.C.A. § 2201-2202 (2016) (Count Two), *id.* at 50-52.  Maine also seeks judicial review of the EPA's disapproval based on the citizen suit provision of the Clean Water Act, 33 U.S.C.A. § 1365(a)(2) (2016), through which it also seeks litigation costs and attorneys' fees (Count Three).  *Id.* at 52-54.

The EPA has filed a motion to dismiss Count Three, arguing that the Clean Water Act does not allow for judicial review of its decision to disapprove the water quality standards.  ECF No. 49 at 1.  For the reasons explained below, the EPA's motion is granted.

---

[1] Specifically, the EPA disapproved three of Maine's human health criteria "[f]or all waters in Indian lands."  ECF No. 30-1 at 4.

## I. LEGAL ANALYSIS

### A. Citizen Suit Provision of the Clean Water Act, 33 U.S.C. § 1365(a)(2)

Maine contends that prior to May 2000, the EPA approved its water quality standards in full and without qualification and that those water quality standards have been in effect for all waters in the state ever since, including Indian Waters. ECF No. 51 at 11, 13-14 (citing AR 388-427; 372-377). Maine also asserts that, as a consequence, the EPA had a non-discretionary duty under the Clean Water Act to accept all of Maine's revised water quality standards and had no discretion to reconsider any of them. ECF No. 51 at 11-15 (citing 33 U.S.C.A. §§ 1313(c)(2)(A), 1313(c)(3), 1370; 40 C.F.R. § 131.21(c)-(f)).

Section 1313 of the Clean Water Act imposes on the EPA Administrator "a mandatory duty to review any new or revised state water quality standards." *Miccosukee Tribe of Indians of Fla. v. EPA,* 105 F.3d 599, 602 (11th Cir. 1997) (citing *Nat. Res. Def. Council v. EPA,* 16 F.3d 1395, 1399 (4th Cir. 1993)). Reviewing the water quality standards is mandatory; approving or rejecting them is discretionary. *Friends of Merrymeeting Bay v. Olsen,* 839 F. Supp. 2d 366, 372 (D. Me. 2012) ("The EPA has discretion to approve or reject the new or revised standards, but its duty to review a new or revised standard is mandatory."). The crux of Maine's Second Amended Complaint is that the EPA erred when it disapproved certain state water quality standards, not that the EPA failed to review them. *See* ECF No. 30 at 2-3, ¶

6. Thus, Maine has failed to state a claim that the EPA has failed to act for purposes of § 1365(a)(2) of the Clean Water Act.[2]

Alternatively, Maine asserts that the Maine Indian Claims Settlement Act, 25 U.S.C. §§ 1721-1735 (2015), and the Maine Implementing Act, 30 M.R.S.A. §§ 6201-6214 (2016) (collectively, the "1980 Acts"), require the EPA to treat Maine's Indian tribes the same as it does the rest of Maine's citizenry and therefore mandate approval of all water quality standards. *Id.* at 15-18 (citing 25 U.S.C. §§ 1725(a)-(b)(1); 30 M.R.S.A. § 6204). This argument does not assert a failure by the EPA to review Maine's water quality standards. Thus, as was true with its argument under the Clean Water Act, Maine's argument under the 1980 Acts does not demonstrate a failure to act on the part of the EPA.

I therefore conclude that Maine has failed to state a claim under the citizen suit provision of the Clean Water Act, 33 U.S.C.A. § 1365(a)(2), and the EPA's motion to dismiss Count Three should be granted.

**B.  Administrative Procedure Act Claims**

Maine also requests that I clarify that all action taken by the EPA with regard to Maine's water quality standards is reviewable under the Administrative Procedure Act. ECF No. 51 at 18-20. The EPA counters that "Maine's challenge to EPA's

---

[2] Although the EPA brought its Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction, ECF No. 49, I treat it as a Motion to Dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

4

disapproval of Maine's [water quality standards] must wait until after EPA has promulgated replacement federal [water quality standards]." ECF No. 52 at 7.[3]

Count One of the Second Amended Complaint asserts Maine's claims under the Administrative Procedure Act, 5 U.S.C.A. §§ 701-706. There is no motion before the court challenging the ripeness of this count, and therefore, I decline to address that issue now. Accordingly, this order is limited to the EPA's Motion to Dismiss Count Three of the Second Amended Complaint based on the citizen suit provision of the Clean Water Act.

## II. CONCLUSION

For the reasons explained above, I conclude that the Clean Water Act's citizen suit provision, 33 U.S.C.A. § 1365(a)(2), is not a proper vehicle for Maine to obtain judicial review of the merits of the EPA's decision to approve or disapprove Maine's water quality standards. Accordingly, the EPA's Motion to Dismiss Count Three of Maine's Second Amended Complaint (ECF No. 49) is **GRANTED.**

**SO ORDERED.**

**Dated this 18th day of November 2016.**

/s/ JON D. LEVY
**U.S. DISTRICT JUDGE**

---

[3] The EPA agrees, however, APA review of its approval of sustenance fishing as a designated use may proceed now. ECF No. 52 at 7.